UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALONZO VASQUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MULLOOLY, JEFFREY, ROONEY & FLYNN LLP., | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff ALONZO VASQUEZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendants MULLOOLY, JEFFREY, ROONEY & FLYNN LLP., (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP., is a business entity organized under the laws of New York with a principle place of business located in Syosset, New York.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Bank Of America, N.A., that contains the alleged violations arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to

hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an alleged past due balance allegedly owing to Bank Of America, N.A.

15. On or about July 14, 2016, Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said July 14, 2016 Collection Letter provided that the alleged amount due was $3, 002.16

19. Said July 14, 2016 Collection Letter was the first letter sent out by Defendants.

20. Said July 14, 2016 Collection Letter Stated:

    "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor."

21. Said October 13, 2015 Collection Letter further stated:

    "The above creditor has turned over to us for collection your account in the sum of $3,002.16. The balance owed may increase due to fees, but no further interest will be accrued."

22. Defendant was attempting to collect on Plaintiff's purportedly overdue Bank of America, N.A. balance.

23. Upon information and belief, Plaintiff's alleged account with Bank of America, N.A. was charged-off and is not subject to change, and will never increase due to any terms of the original agreement.

24. Upon information and belief, the amount due and collected by Defendant will never change due to interest, late charges or any other "fees" or charges.

25. Rather, upon information and belief, Defendant arbitrarily threatened that Plaintiff's account may be subject to such fees, in an attempt at pressuring Plaintiff into paying

the account quickly, so as to avoid these non-existent fees.

26. Upon information and belief, Defendant has no legal or contractual right to change the amount that Plaintiff allegedly owes to the Creditor.

27. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

28. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the state of New York within one year of the date of this Complaint.

### First Count
### 15 U.S.C. §1692g
### Validation of Debts

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

31. The written notice must contain the amount of the debt.

32. The written notice must contain the name of the creditor to whom the debt is owed.

33. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

34. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

35. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

37. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

38. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to his rights.

39. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to his rights.

40. On or around July 14, 2016, Defendant mailed an initial demand letter to Plaintiff which asserted that the account balance of $3,002.16 was allegedly due and owing.

41. In the same letter it states:

    "The above creditor has turned over to us for collection your account in the sum

of $3,002.16. The balance owed may increase due to fees, but no further interest will be accrued."

42. That language overshadows the validation requirement by implying that if immediate payment is not made the amount owed will be greater.

43. That language overshadows the validation requirement by indicating to the least sophisticated consumer that immediate payment is necessary.

44. Defendant has failed to adequately set forth the language required by 15 U.S.C. § 1692g.

45. Defendant has failed to clearly set forth the language required by 15 U.S.C. § 1692g.

46. Defendant's conduct would likely make the least sophisticated consumer uncertain as to his rights.

47. Defendant's conduct would likely make the least sophisticated consumer confused as to his rights.

48. Defendant has violated §1692g as the above-referenced language overshadows the information required to be provided by that Section.

### Second Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does

not preclude a claim of falsity or deception based on non-enumerated practice.

52. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

53. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

54. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

55. The least sophisticated consumer would likely be deceived by Defendant's conduct.

56. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

57. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### Third Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to Status of Debt

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

61. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that "the balance owed may increase due to

fees." As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment due to the terms of the original credit agreement after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Fourth Count
### 15 U.S.C. §1692g *et seq.*
### Validation of Debts

63. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "62" herein with the same force and effect as if the same were set forth at length herein.

64. Pursuant to 15 USC §1692g, a debt collector:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    (1) The amount of the debt;
    (2) The name of the creditor to whom the debt is owed;
    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
    (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) A statement that, upon the consumer's written request within the thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

65. Defendant violated 15 USC §1692g by failing to accurately state the balance of the debt by

stating that the outstanding balance may increase due to "fees."

66. As a result of Defendant's action, Plaintiff and the least sophisticated consumer could reasonably conclude that she must pay the balance stated in the letter immediately or possibly owe a larger amount, thus leaving her uncertain as to her rights.

67. Furthermore, as a result of Defendant's action, Plaintiff and the least sophisticated consumer would not know the exact amount due and owing, as required by 15 USC §1692g(a)(1), where the Collection Letter falsely stated that the amount due may be greater than the amount actually stated on the Collection Letter.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Sirotkin Varacalli & Hamra, LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 16, 2016

>Respectfully submitted,
>
>By: /s/ Abraham Hamra
>Abraham Hamra, Esq.
>Sirotkin Varacalli & Hamra, LLP
>110 East 59th Street, Suite 3200
>New York, New York 10022
>Phone: (646) 590-0571
>*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>/s/ Abraham Hamra
>Abraham Hamra Esq.

Dated: August 16, 2016