UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
ALONZO VASQUEZ on behalf of himself and                  :
all others similarly situated,                           :
                                                         :
                              Plaintiff,                 :    16-CV-6609 (VSB)
                                                         :
              - against -                                :    **MEMORANDUM & OPINION**
                                                         :
MULLOOLY, JEFFREY, ROONEY & FLYNN                        :
LLP,                                                     :
                                                         :
                              Defendant.                 :
                                                         :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __9/30/2017__

Appearances:

Abraham Hamra
Sirotkin Varacalli & Hamra, LLP
New York, New York
*Counsel for Plaintiff*

Robert L. Arleo
Robert L. Arleo, Esq. P.C.
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Alonzo Vasquez, on behalf of himself and all other similarly situated consumers, brings this putative class action against Defendant Mullooly, Jeffrey, Rooney & Flynn LLP alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (the "FDCPA"). Plaintiff claims that Defendant's debt collection letter is deceptive and misleading and also overshadows Plaintiff's thirty day validation right. Plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Because I find that material facts are disputed such that I cannot render a judgment on the merits based solely on the pleadings, Plaintiff's motion, (Doc. 26), is DENIED.

I.  **Background**[1]

Plaintiff, a resident of New York, is a "consumer" as defined by the FDCPA. (Am. Compl. ¶ 6; Ans. ¶ 4.)[2] Defendant is a New York limited liability partnership with its principle place of business in New York, (Am. Compl. ¶ 7; Ans. ¶ 4), and is a "debt collector" as defined by the FDCPA, (Am. Compl. ¶ 9; Ans. 4). As a debt collector, Defendant—using the mail, telephone, and facsimile, among other things—collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors. (Am. Compl. ¶¶ 9, 13; Ans. ¶ 4).

On or about July 14, 2016, Defendant commenced efforts to collect a consumer "debt," as defined by the FDCPA, by mailing a collection letter to Plaintiff seeking to collect a past due balance owing to Bank of America, N.A. (the "Collection Letter"). (Am. Compl. ¶ 14, Ex. A; Ans. 4.) The Collection Letter is a "communication," as defined by the FDCPA, (Am. Compl. ¶ 17; Ans. ¶ 4), and was the first communication sent to Plaintiff by Defendant, (Am. Compl. ¶ 19; Ans. ¶ 8).

The Collection Letter states that the amount due and owing by Plaintiff was $3,002.16. (Am. Compl. ¶ 18; Ans. ¶ 8.) It also states that the "balance owed may increase due to fees, but no further interest will be accrued." (Am. Compl. ¶ 21, Ex. A; Ans. ¶ 8.) Plaintiff alleges that the amount due was charged-off, is not subject to change, and will never increase due to any terms of the original agreement between Plaintiff and Bank of America, N.A. (Am. Compl. ¶ 23.) Although Defendant admits that Plaintiff's account was charged-off and will not accrue

---

[1] The facts set forth in this section are drawn from the allegations in Plaintiff's Amended Complaint, Defendant's Answer, and documents attached to the Amended Complaint or incorporated in it by reference.

[2] "Am Compl." refers to the Amended Class Action Complaint and Demand for Jury, filed November 10, 2016, ("Amended Complaint"). (Doc. 17.) "Ans." refers to the Answer to Class Action Styled Amended Complaint, filed November 18, 2016, ("Answer"). (Doc. 19.)

any further interest, Defendant denies that the amount due would never increase after the date of the Collection Letter. (Ans. ¶ 9.) Defendant also denies Plaintiff's allegation that the amount due will never increase due to interest, late charges, or any other fees or charges. (Am. Compl. ¶ 24; Ans. ¶ 7.) In addition, Defendant denies Plaintiff's allegations that: (i) Defendant arbitrarily threatened that Plaintiff's account may be subject to fees in an attempt at pressuring Plaintiff into paying the account quickly, (Am. Compl. ¶ 25; Ans. ¶ 7); (ii) Defendant had no legal or contractual right to change the amount due and owing by Plaintiff, (Am. Compl. ¶ 26; Ans. ¶ 7); and (iii) Defendant could have taken steps to bring its actions within compliance with the FDCPA, but neglected to do so, (Am. Compl. ¶ 27; Ans. ¶ 7). Finally, Defendant claims as an affirmative defense that to the extent it violated the FDCPA, such a violation "was not intentional," but was the "result of bona fide error notwithstanding the maintenance of procedures reasonably adopted by the Defendant to avoid such errors." (Ans. ¶ 13.)

## II. Procedural History

On August 22, 2016, Plaintiff filed his complaint in this action. (Doc. 1.) On September 26, 2017, Defendant filed its answer. (Doc. 7.) I held a pre-motion conference on November 4, 2016, to discuss the parties' anticipated cross-motions for judgment on the pleadings, (*see* Docs. 8, 12), and, on November 9, 2016, I issued an order granting Plaintiff leave to amend the complaint and setting a briefing schedule for the parties' motions, (Doc. 15). Plaintiff filed his Amended Complaint on November 10, 2016, (Doc. 17), and Defendant filed its answer to the Amended Complaint on November 18, 2016 ("Answer"), (Doc. 19).

On December 19, 2016, Plaintiff filed his motion for judgment on the pleadings and memorandum of law with two exhibits. (Docs. 20, 21.)[3] On January 12, 2017, Defendant filed

---

[3] On December 23, 2016, I granted Defendant's request to file a sur-reply in opposition to the motion in lieu of filing a cross-motion for judgment on the pleadings. (Doc. 23.) On January 18, 2017, Plaintiff corrected a filing error and

its memorandum of law in opposition to Plaintiff's motion for judgment on the pleadings. (Doc. 25.)[4] On January 23, 2017, Plaintiff filed his reply memorandum of law in support of the motion, (Doc. 31), and on February 9, 2017, Defendant filed its sur-reply in opposition to the motion, (Doc. 33).

### III. Legal Standard

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a district court must "employ the same standard applicable to Rule 12(b)(6) motions to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). This means "[a]ccepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party," and granting judgment on the pleadings "if the moving party is entitled to judgment as a matter of law." *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163, 165 (S.D.N.Y. 1999) (internal quotation marks and citation omitted).

Under Rule 12(c), a party is entitled to judgment on the pleadings "only if it has established that no material issue of fact remains to be resolved." *Juster Assocs. v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks and citation omitted); *see Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (noting that judgment on the pleadings "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings"); 5C Charles Alan Wright et al., Federal Practice & Procedure § 1368, at 251 (3d ed. 2004) (noting that "plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved,

---

refiled his motion for judgment on the pleadings, (Doc. 26), and memorandum of law in support, (Doc. 27).

[4] Defendant also filed an amended memorandum of law on January 12, 2017. (Doc. 25.)

4

would defeat recovery").

"On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

## IV. Discussion

### A. The FDCPA

"[T]he FDCPA is 'primarily a consumer protection statute.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008)). Accordingly, courts must construe it liberally to further the act's congressional purpose to "'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id*. (quoting 15 U.S.C. § 1692(e)).

In determining whether there has been a violation of the FDCPA, courts "apply the 'least sophisticated consumer' standard." *Id*. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The "least sophisticated consumer" is a "naïve" and "credulous" person who possesses a "rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193–94 (2d Cir. 2015) (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005)). In applying this standard, courts "ask how the least sophisticated consumer . . . would understand the collection notice" at issue. *Avila*, 817 F.3d at 75 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). "Under this standard, a collection notice can be

misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id*. (quoting *Clomon*, 988 F.2d at 1319). "Thus, even if a debt collector accurately conveys the required information, a consumer may state a claim if she successfully alleges that the least sophisticated consumer would inaccurately interpret the message." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017). FDCPA protection, however, "does not extend to every bizarre or idiosyncratic interpretation of a collection notice, and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233–34 (2d Cir. 2012)).

Pursuant to § 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e enumerates sixteen different non-exhaustive categories of prohibited conduct, including "[t]he false representation of . . . the character, amount, or legal status of any debt," *id*. § 1962e(2)(A), as well as "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," *id*. § 1962e(10). As with other alleged FDCPA violations, whether a debt collector violates § 1692e by virtue of something contained in its collection letter "is determined from the perspective of the objective 'least sophisticated consumer.'" *Easterling*, 692 F.3d at 233.

Section 1692g of the FDCPA requires a debt collector to provide the consumer with a written notice containing certain enumerated information, including the amount of the debt, which must be sent within five days after the initial communication from the debt collector to the consumer unless the information is contained in the initial communication itself. 15 U.S.C. § 1692g. In determining whether a debt collector has violated the notice requirements of

6

§ 1692g, courts in the Second Circuit ask whether "the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017) (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).

### B. *Alleged Violations of the FDCPA*

To establish a violation of the FDCPA, a plaintiff must satisfy three elements: (i) the plaintiff must be a "consumer;" (ii) the defendant must be a "debt collector;" and (iii) the defendant must have committed some act or omission in violation of the FDCPA. *See Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013) (quoting *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010)). The parties do not dispute that the first and second elements are satisfied here. (*See* Am. Compl. ¶¶ 6, 9; Ans. ¶ 4.)

With respect to the third element, Plaintiff raises several arguments that Defendant violated various provisions of the FDCPA based upon the language of the Collection Letter. Specifically, the Plaintiff alleges that the inclusion of the sentence "The balance owed may increase due to fees, but no further interest will be accrued," (*id*. Ex. A), violates the FDCPA with regard to the amount of the debt owed and the 30 day validation period. (Pl.'s Br. 11–17).[5]

#### 1. Alleged Violations Relating to Amounted Owed

Plaintiff claims that the Collection Letter sent to him by Defendant violated the FDCPA by failing to specify the amount he owed in three ways. Specifically, Plaintiff asserts that Defendant: (i) failed to convey to Plaintiff the amount of debt in violation of § 1692g(a)(1); (ii) falsely represented the amount owed in violation of § 1692e(2)(A); and (iii) stated a debt

---

[5] "Pl.'s Br." refers to the Plaintiff's Memorandum of Law in Support of Motion For Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c), filed on January 18, 2017. (Doc. 27.)

7

amount that is subject to multiple interpretations, one of which is inaccurate, in violation of § 1692e(10).

With respect to Plaintiff's first and second assertions, Plaintiff argues that the Collection Letter misrepresents and fails to convey the amount owed because it references the possibility that "[t]he balance owed may increase due to fees," (Am. Compl. Ex. A), when in fact there were no fees accruing at the time the letter was sent, and Defendant could not assess any fees, (Pl.'s Br. 9–12, 18–19; Am. Compl. ¶¶ 23, 24). In its Answer, Defendant admits that the account would not accrue any further interest; however, Defendant denies that the amount due would never increase due to fees. (Ans. ¶ 9.) This factual dispute regarding the fees is material and thus precludes judgment on the pleadings. *See Juster Assocs.*, 901 F.2d at 269; *Arend v. Total Recovery Servs. Inc.*, No. 05-CV-3064 (DLI)(JMA), 2006 WL 2064977, at *2 (E.D.N.Y. July 24, 2006) (denying plaintiff's motion under Rule 12(c) in FDCPA case where court could not determine material fact—date plaintiff received collection letter); *see also Philipp v. Jerome H. Remick & Co.*, 145 F. Supp. 756, 758 (S.D.N.Y. 1956) (denying plaintiff's motion under Rule 12(c) where defendant's answer denied material allegations and thus raised important issues of fact).

Plaintiff also argues that the amount owed as stated in the Collection Letter violates the FDCPA because it is subject to multiple interpretations, at least one of which is inaccurate. *See Carlin*, 852 F.3d at 216. Specifically, Plaintiff argues the least sophisticated consumer will interpret the phrase "[t]he balance owed may increase due to fees," (Am. Compl. Ex. A), to mean either: (1) the "Balance may increase due to fees that are currently being assessed," (Pl.'s Br. 19); or (2) "fees are imminent and certain," (*id.*). In light of the dispute of material fact regarding whether Defendant could assess fees, however, I cannot rule as a matter of law

8

whether or not the alternative interpretations put forward by Plaintiff are inaccurate.

Accordingly, in light of the disputed material facts, I cannot rule that Plaintiff is entitled to judgment on the pleadings with respect to the amount of debt stated in the Collection Letter. *See Juster Assocs.*, 901 F.2d at 269; *Sellers*, 842 F.2d at 642.

### 2. Alleged Violation of the 30 Day Validation Period

Plaintiff argues that the Collection Letter violates the 30 day validation period set forth in the FDCPA because it: (i) overshadows and contradicts the 30 day validation period in violation of § 1692g(a); and (ii) is designed to create a false sense of urgency, panic, and fear. (Pl.'s Br. 15–17; Am. Compl. ¶ 25.) Defendant denies Plaintiff's allegation that it "arbitrarily threatened that Plaintiff's account may be subject to . . . fees in an attempt at pressuring Plaintiff into paying the account quickly." (Am. Compl. ¶ 25; Ans. ¶ 7.) Moreover, the pleadings dispute material facts as to whether Defendant could assess fees at all. (*See* Am. Compl. ¶¶ 23, 24; Ans. ¶¶ 7, 9.) Accordingly, in light of the disputed material facts, I cannot rule that Plaintiff is entitled to judgment on the pleadings. *See Juster Assocs.*, 901 F.2d at 269; Sellers, 842 F.2d at 642.

### C. *Affirmative Defense*

In addition, Defendant asserts as an affirmative defense in its Answer that if there was a violation of the FDCPA that it was the result of a bona fide error. (Ans. ¶ 13.) Under the FDCPA, "[a] debt collector may not be held liable in any action . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Whether Defendant is entitled to the bona fide error defense is an issue of fact. *See Bank v. Cooper*, No. 08-CV-3936 (JBW), 2009 WL 1491227, at *5 (E.D.N.Y. May 27, 2009) (noting

that whether FDCPA violation resulted from bona fide error is issue of fact), *aff'd*, 356 F. App'x 509 (2d Cir. 2009). In the absence of discovery, I am unable to conclude on the basis of the pleadings alone that the alleged violations of the FDCPA did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *See Shapiro v. Law Offices of Cohen & Slamowitz, LLP*, No. 06 Civ. 3773, 2007 WL 958513, at *4 (S.D.N.Y. Mar. 28, 2007) (denying plaintiff's motion for judgment on pleadings and noting that discovery was necessary to determine applicability of bona fide error defense); *see also Sussman v. I.C. System, Inc.*, 928 F. Supp. 2d 784, 793 (S.D.N.Y. 2013) ("On a motion for judgment on the pleadings, however, the Court will not consider extrinsic evidence.").

## V. **Conclusion**

In light of the material facts that are in dispute, judgment on the pleadings is inappropriate. Accordingly, Plaintiff's motion for judgment on the pleadings, (Doc. 26), is DENIED. The parties are directed to meet and confer regarding the scheduling of discovery and submit a proposed case management plan and scheduling order on or before October 20, 2017.

The Clerk of Court is respectfully directed to terminate the open motions at Document 26 and Document 14.

SO ORDERED.

Dated: September 30, 2017
New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge